MISCELLANEOUS  B-04-20-

United States District Court
Southern District of Texas
FILED

243 (Rev. 5/85)  MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

JUN 2 9 2004

Michael N. Milby
Clerk of Court

| United States District Court | District SOUTHERN DISTRICT OF TEXAS | |
|---|---|---|
| Name of Movant<br>Alfredo Garcia Gonzalez | Prisoner No.<br>18067-179 | Case No.<br>1:02-CR00505-001 |
| Place of Confinement<br>FSCC-Interstate Unit. 1801 West I-20; Big Spring, TExas. 79720. | | |

UNITED STATES OF AMERICA      V.      ALFREDO GARCIA GONZALEZ
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  Brownsville Division United States District Court for The Southern District of Texas

2. Date of judgment of conviction  March 03. 2003.

3. Length of sentence  57 Months

4. Nature of offense involved (all counts)  8 U.S.C. § 1326 (a) & 1326(b) Allien unlawfully found in the United States after deportation having been previously convicted of an aggravated felony.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court _____

     (2) Nature of proceeding _____

     (3) Grounds raised _____

     (4) Did you receive an evidentiary hearing on your petition, application or motion?
     Yes ☐ No ☐

     (5) Result _____

     (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

     (1) Name of court _____

     (2) Nature of proceeding _____

     (3) Grounds raised _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a ...lation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

    A. Ground one: Denial of effective assistance of trial counsel, counsel knew or should have known and argued that under recent supreme court law the max. penalty for this crime is two years.
Supporting FACTS (state *briefly* without citing cases or law)

refer to attached memorandum.

    B. Ground two: Denial of effective assistance of trial counsel, counsel knew or should have known of the 9th. cir. ruling in United States Vs. Pacheco-Medina 212 F. 3d 1162 (9th Cir. 2000).
Supporting FACTS (state *briefly* without citing cases or law):

refer to attached memorandum

    C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law):

(5)

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Alberz B. Pullen

(b) At arraignment and plea  Albert B. Pullen

(c) At trial  Albert B. Pulen

(d) At sentencing  Albert B. Pullen

(6)

AO 243 (Rev. 5/85)

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Alfredo GArcia Gonzalez
         (date)
Wednesday June 23, 2004,

*Gonz&les Alfredo Garc&*
Alfredo Garcia Gonzalez
Signature of Movant

## MEMORANDUM IN SUPPORT OF §2255

*A PRISONER, IN CUSTODY UNDER SENTENCE OF A COURT ESTABLISHED BY ACT OF CONGRESS CLAMING THE RIGHT TO BE RELEASE UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION OR LAW OF THE UNITED STATES, OR THAT THE COURT WAS WITH OUT JURISDICTION TO EMPOSED SUCH SENTENCE, OR THAT THE SENTENCE WAS IN EXCESS OF THE MAXIMUM AUTHORIZED BY LAW, MAY MOVE THE COURT WHICH IMPOSED THE SENTENCE TO VACATE, SET ASIDE OR CORRECT THE SENTENCE. MR.* **ALFREDO GARCIA GONZALEZ** *RESPECTFULLY SO MOVES THE COURT. THE BASIC FOR MOVANT'S PETITION FOR FELIEF IS THAT HE DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIX AMENDMENT OF THE UNITED STATES CONSTITUTION. SPECIFICALLY, MOBVANT ASSERTS THAT HIS ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THE NINTH CIRCUIT RULING IN* **UNITED STATES V. PACHECO—MEDINA, 212 F. 3d 1162 (9TH CIR.2000)**, *A CASE OPPISITE TO THAT OF MOVANT, WHEREIN IT WAS RULED THAT A DEFENDANT THAT CAPTURED WHILE CLOSE TO THE BORDER AND NEVER FREE FROM OFFICIAL RESTRAINT DID NOT COMMIT THE CRIME OF ILLEGAL REENTRY, IN VIOLATION OF TITLE 8 U. S. C. §1326 (a.). MOVANT'S CASE AND THE CIRCUMSTANCES OF HIS ARREST ARE VIRTUALLY INDISTINGUISHABLE FROM THAT CASE AND IT IS MOVAN'S POSITION THAT HE DID NOT COMMIT THIS CRIME.* **ALFREDO GARCIA GONZALEZ** *RESOECTFULLY SUMMIT THAT HIS ATTORNEY WAS INEFFECTIVE THROUGH HIS FAILURE TO HAVE THE CHARGE DIAMISSED. AS A RESULTS MOVANT SUFFERED PREJUDICE THRU HIS ATTORNEY INSISTANCE THAT HE SIGN A PLEA AGREEMENT WHERE BY HE RECEIVED FIFTY SEVEN MONTHS IMPROSONMENT FOR THE CRIME*

ILLEGAL REENTRY, A CRIME WHICH ... AS SHALL BE SEEN ... HE DID NOT COMMIT. HIS ATTORNEY WAS BY DEFINITION INEFFECTIVE.

MR. **ALFREDO GARCIA GONZALEZ** WAS CHARGE WITH VIOLATION OF 8 U. S. C. §1326(A) AND (b). ILLEGAL REENTRY FALLOWING DEPORTATION. REPORTS GENERATED BY ARRESTING LAW ENFORCEMENT OFFICIALS INDICATED THAT THE DEFENDANT WAS CAUGHT ATTEMPTING ENTERING THE UNITED STATES AT BROWNSVILLE, TEXAS, IN THE RIVER PORT OF ENTRY ON AUGUST 23, 2002. YET THOSE SAME REPORTS INDICATED THAT THE DEFENDANT DID NOT MANAGE TO "ENTER" THE UNITED STATES, BECAUSE HE WAS NEVER ENTERELY FREE FROM OFFICIAL RESTRAINT AND HAD NO HOPE OF ESCAPING INTO THE GENERAL POPULATION. A RECENT NINTH CIRCUIT DECISION HAS ESTABLISH EXACTLY WHAT CONSTITUTES ILLIGAL RE-ENTRY PURSUANT TO TITLE 8 U.S.C. §1326 (a), AND IT IS APPARENT FROM THE REPORTS GENERATED BY ARRESTING OFFICIALS IN THIS CASE THAT MR. **ALFREDO GARCIA GONZALEZ** DID NOT MANAGE TO COMMIT THIS CRIME.

IN ODER TO RECOGNIZE THE VALIDITY OF MOVANT ASSERTIONS IT MUST FIRST EXAMINE THE OFFENCE CONDUCT. AS THE COURT BEGINS TO CONSIDER WHETHER MR. **ALFREDO GARCIA GONZALEZ** COMMITTED A CRIME, IT MUST DO SO WITH THE KNOWLEDGE THAT HE WAS AN ALIEN, WHO HAD BEEN REMOVED FROM THE COUNTRY AND HE HAD AGAIN SET FOOT ON UNITED STATES SOIL. IT IS ALSO CLEAR THAT IT IS A CRIME FOR AN ALIEN TO ENTER, ATTEMPT TO ENTER, OR "AT ANY TIME (BE) FOUND IN" THE UNITED STATES AFTER HAVING ONCE BEEN DEPRTED FROM THIS COUNTRY. 8 U.S.C. §1326 (a). THUS, A GENERAL READING WOULD SUGGEST THAT MR, **ALFREDO GARCIA GONZALEZ** DID COMMIT THE CRIME BECAUSE HE SURELY LEFT MEXICO FOR THE UNITED STATES, HE JUST WAS FOUND ON OUR SOIL AFTER HE CAME OVER THE BOARDER BRIDGE. BUT AS A MATTER OF LAW IT IS NOT THAT QUITE EASY BECAUSE PHYSICAL PRESENCE IS NOT ENOUGH. THAT IT

MUST CLEARLY SHOWN IN THE CONCEPT OF "ENTRY" A CONCEPT WHICH HAS A LONG JUDICIAL HISTORY, AS THE SUPREME COURT HAS POINTED OUT " (T) HE DEFINITION OF "ENTRY" AS APPLIED FOR VARIOUS PURPOSES IN OUR IMMIGRATION LAWS WAS INVOLVED JUDICIALLY" **ROSENBERG V, FLUETI** 374 U.S. 449, 453, 83 S.CT.1804, 1807, 10 L. ED. 2D 1000 (1963.) THE DEFINITION DID NOT ENTER THE IMMIGRATION STATUS UNTIL 1952. SEE, ID. THE MOTION WAS EXPRESSED IN A 1908 CASE WHERE ALIENS HAD CROSSED THE BORDER AND PRECEDED FOR A QUARTER OF MILE ALONG RAILROAD TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE OF BORDER INSPECTORS FROM BEFORE THE TIME THEY CROSSED UNTIL THEIR ACTUAL PHYSICAL CAPTURES. SEE, **EX PARTE CHOW CHOK, 161 F. 627, 628-29 (N.D.N.Y.), AFF D., 1021 (CIR. 1908)**. THE COURT SAID THAT THE ALIENS HAD NOT ENTERED AT ALL. ON THE COUNTRARY:

*"THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN THE MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE MEAR ACT OF CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN THE SENSE OF THE LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT LARGE AND AT WILL WITHIN, THE UNITED STATES. THESE PERSONS, ON ENTERING, WERE AT ONCE SURROUNDED BY OFFICERS, SILENTLY TAKEN IN CHARGE, IN EFFECT ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY AND PREVENTED FROM GOING AT LARGE WITHIN THE UNITED" STATES."*

Id. AT 630 SEE ALSO, ZHANG V. STATTERY 55 F. 3d 732, 754, 755, (2nd CIR. 1995); CORREA V. THORNBURGH, 901 F. 2d 1166, 1171-72 (2ND. CIR.1980)

*. THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME. SEE, **MATTER OF PIERRE** 141. & N. DEC. 467 (1973). IN THAT CASE THE BIA MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE SAID TO HAVE ENTERD, **AN ALIEN MUST BE FREE FROM RESTRAINT**. SEE, ID, AT 468. MORE PARTYCULARLY, "(t) HE RESTRAINT MAY TAKE THE FORM OR SURVEILLANCE UNBEKNOWNST TO THE ALIENS; HE HAS STILL NOT MADE AN ENTRY DESPITE HAVING BEEN CROSSED THE BORDER WITH THE INTENSION OF EVADING INSPEVTIONS, BECAUSE HE*

LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE POPULATION" Id. AT 469. THE THEME HAS ALSO BEEN USED BY OTHER CIRCUITS. SEE YI YANG V. MAUGANS, 68 F. 3d 1540, 1549-50 (3rd. CIR. 1995), UNITED STATES V. KAVASANJIAN, 623 F. 2d 730, 736-37 (1st .CIR. 1980).

THE NINETH CIRCUIT HAS DEAL EXTENSIVELY WITH CASES LIKE THE CASE AT BAR. UNITED STATES V. OSCAR 496 F2d 492 (9TH. CIR. 1974) DEAL WITH ILLEGAL REENTRY WITH REGARD TO PRIMARY AND SECONDARY INSPECTION POINTS. UNITED STATES V. MARTIN PLASCENCIA, 532 F, 2d 1316 (9TH. CIR.1976), EXAMINE THE CASE OF AN ALIEN WHO NOT ONLY MANAGE TO GET OVER THE FENCE BUT FOR A TIME OUT OF DIRECT SIGHT OF IMMIGRATION OFFICIALS. AND UNITED STATES V. AGUILAR, 883 F2d 662 (9TH. CIR. 1989), ADDRESS A SCENARIO WHERE THE ALIEN WAS UNDER AN EXTENDED PERIOD OF SURVEILLANCE BUT THE MOST DEFINITIVE RULING, ISSUED MONTHS AGO, IS PERHAPS MOST OPPOSITE TO CAPTION CASE.

IN UNITED STATES V. PACHECO- MEDINA, 212 F. 3d 1162 (9TH. CIR. 2000), IT WAS RULED THAT A DEFENDANT, WHO WAS CAPTURED WITHIN A FEW YARDS OF THE BORDER ARTER CLIMBING AN INTERNATIONAL BOUNDARY FENCE DID NOT ACTUALLY MANAGE TO "ENTER" THE UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEEN FOUND IN THE UNITED STATES AFTER HE HAS BEEN DEPORTED... BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL RESTRAINT Id. AT 1163-66.

APPENDED HERETO ARTE THE ARREST REPORTS, WHICH DESCRIBE THE CIRCUMSTANCES OF MR. ALFREDO GARCIA GONZALEZ ARREST BY LAW ENFORCEMENT ORRICIALS. IT CAN BE SEEN THAT THE CIRCUMSTANCES OF HIS ARREST DO NOT DIFFER SIGNIFICANTLY FROM THOSE OF PACHECO—MEDINA, CASE IN SALIENT DETAIL. MR. ALFREDO GARCIA GONZALEZ WAS NEVER FREE FROM OFFICIAL RESTRAINS, IN LEGAL CONTEMPLATION HE DID NOT "ENTER" THE UNITED STATES, AND

IN ACCORDANCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN THE ARREST REPORTS TO SUPPORT A CONVICTION OF ILLEGAL REENTRY.

THE **PACHECO- MEDINA** DECISION WAS FILED **MAY 16TH, 2000**. MOVANT WAS SENTENCE **MARCH 3TH, 2003**. MOVANT'S ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THIS RULING AND ITS APPLICABILITY TO MR. **ALFREDO GARCIA GONZALEZ**

GIVEN THE CIRCUMSTANCES OF MOVANT'S ARREST, THIS ATTORNEY SHOULD HAVE MOVE TO STRIKE THE CHARGE OF ILLEGAL REENTRY BUT HE DID NOT, INSTEAD INDUCING HIM TO PLEA GUILTY TO THE CHARGE AND SIGN A PLEA AGREEMENT WHEREBY HE WOULD BE SENTENCE TO **57 MONTHS** IMPRISONMENT. THE CASE AND PREJUDICE PRONGS OF **STRICKLAND** ARE MANIFESTLY ESTABLISHED.

THE COURT IS THEREFORE DEFERENTIALLY URGED TO VACATE MOVANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF TITLE 8 U. S. C. 1326(a). IN LIGHT OF THE **PACHECO- MEDINA** RULING AND THE EFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS PRESENTED HEREIN ANYTHING LESS THAN THIS WOULD BE AN INJUSTICE.

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__BROWNSVILLE__ DIVISION

MISCELLANEOUS

Alfredo Garcia Gonzalez//18067-179
_____
Plaintiff's name and ID Number

B-04- 20

BSCC Interstate Unit
_____
Place of Confinement

CASE NO. __1:02-CR-00505-001__
(Clerk will assign the number)

v.

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

Alfredo Garcia Gonzalez  1801 W. I-20; Big Spring, TX;
_____
Defendant's name and address

I, __Alfredo GArcia Gonzalez__, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1. Have you received, within the last 12 months, any money from any of the following sources?

   a. Business, profession or from self-employment     Yes☐  No☑
   b. Rent payments, interest or dividends?            Yes☐  No☑
   c. Pensions, annuities or life insurance payments?  Yes☐  No☑
   d. Gifts or inheritances?                           Yes☐  No☑
   e. Family or friends?                               Yes☐  No☑
   f. Any other sources?                               Yes☑  No☐

   If you answered YES to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

   _Food Service - 119.53_

2. Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?
   Yes☑     No☐

   If you answered YES, state the total value of the items owned.

   _$1.89_

3. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

        Yes ☐          No ☑

If you answered YES, describe the property and state its approximate value.

_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury. I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ___23___ day of ___June___, ~~19~~ 2004.

*Gonzales Alfredo Garcia*
Alfredo Garcia Gonzalez   18067-179
**Signature of Plaintiff      ID Number**

**YOU MUST ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT. YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE FROM THE LAW LIBRARY AT YOUR PRISON UNIT (OR OTHER DESIGNATED LOCATION AT YOUR INSTITUTION).**

Revised 6/97